UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:24-CR-61-CCB |
| | ) | |
| JA'SHAUN MAURICE GREEN | ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America submits the following memorandum in preparation for the sentencing hearing in this case. For the reasons set forth below, the government respectfully requests that the defendant be sentenced to a term of imprisonment at the low-end of the guideline range followed by 2 years of supervised release.

**I.    The nature and circumstances of the offense.**

Between July 2022 and August 2023, on 23 separate occasions, Ja'Shaun Green purchased firearms from two separate licensed firearms dealers ("FFL") in the Northern District of Indiana. For each purchase, he completed an ATF 4473 Form and knowingly misrepresented that he resided at an address on Edwards Street in Michigan City, when in fact he did not reside at that address. One of the firearms Green purchased was recovered in May 2024 from an individual who led officers on a high-speed chase. Four other firearms were recovered from juveniles. Most of the firearms have yet to be recovered by law enforcement.

The parties have no objection to Green's offense level or criminal history computation as set forth in the Presentence Investigation Report. He starts at a

1

base offense level of 12, receives a 4-level increase based on the number of firearms he purchased, and will receive a 3-level reduction for acceptance of responsibility. He has no criminal history convictions that warrant any points under the guidelines. A total offense level of 13 coupled with criminal history category I results in a guideline imprisonment range of 12 to 18 months.

## II. The defendant's history and characteristics.

Green is 24 years' old and was primarily raised in Michigan City. He has no juvenile convictions, and his two adult convictions—for misdemeanor false informing and driving while suspended—are non-pointable offenses. He has a pending case in state court involving strangulation and domestic battery. Though the offense is not a conviction, the allegations are nevertheless concerning. In March of this year, police officers were called to a local hospital after Green's ex-girlfriend reported that Green threw her phone at the television, strangled her, and slammed her head on the ground. According to his ex-girlfriend, this incident was not the first altercation between them, and she refused to report Green's previous actions to police because she was afraid of him.

Green was raised by both parents. He reports that his mother has struggled with alcohol addiction and that led to some verbal and physical abuse in the household. He has been "put out" of his mother's house several times over the years and has been homeless at times—a fact that indeed lends credence to the very misrepresentation at issue in this case. He is athletically talented, but an

injury cut his potential collegiate football career short. He is a father and states that he enjoys working out, spending time with his child, and making music.

### III. The seriousness of the offense, just punishment, deterrence, and respect for the law.

While Green's criminal history is slim, that is expected of someone who can legally purchase firearms directly from an FFL. In many cases, a short criminal history is seen in mitigation, but in this case, it served as a conduit to lie to two different FFLs and obtain firearms (and arguably, to obtain firearms for other people). The purpose of federal gun laws and record keeping requirements is to ensure that law enforcement is able to track and investigate crimes involving firearms and likewise help ensure that firearms do not fall into the hands of those who are prohibited from possessing them. *See Abramski v. United States*, 573 U.S. 169, 170-172 (2014). Green undermined that purpose when he made misrepresentations about his address on several 4473 Forms. The government's proposed sentence aims to promote respect for the law. *See* 18 U.S.C. § 3533(a)(2)(A). The fact that Green is now adjudicated as a felon and is no longer allowed to purchase firearms—for himself or others—or otherwise possess them, is a necessary deterrent in this case. *See* 18 U.S.C. § 3553(a)(2)(B).

Green has been on pretrial release since his arrest in this case. While he is eligible for a sentence of probation, such a sentence would not afford adequate deterrence. *Id*. He has been noncompliant with the rules of home detention on twelve separate occasions. Four of those instances involved positive drug tests for

marijuana. Green has already shown this court that he is not a good candidate for home detention or any other noncustodial sentence. Indeed, at Green's change of plea hearing on July 15, Magistrate Judge Frankel specifically admonished Green for arriving late to the hearing and likewise warned him of the potential repercussions of any further violations of his conditions of release. *See* DE 27, text-only order. Yet, Green *still* tested positive for marijuana after the fact, on September 8, 2025. A term of imprisonment is necessary to adequately promote respect for the law. 18 U.S.C. § 3553(a)(2)(A).

### IV. The government's sentencing recommendation.

The government respectfully requests that Green be sentenced to a term of imprisonment of 12 months, at the low end of the guideline range, followed by 2 years of supervised release.

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By: *s/ Lydia T. Lucius*
LYDIA T. LUCIUS
Assistant United States Attorney
M01 Robert A. Grant Federal Bldg.
204 S. Main Street
South Bend, Indiana 46601
Tel:  (574) 236-8287
Fax:  (574) 236-8155
E-mail:  Lydia.Lucius@usdoj.gov